The **EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.**, a corporation, Plaintiff,

v.

**Cal M. TEBBS**, individually and doing business as Cal M. Tebbs Construction Company, James S. Tebbs and Jesse M. Tebbs, Defendants.

Civ. No. 3472.

United States District Court
D. Wyoming.

Feb. 10, 1956.

Loomis, Lazear & Wilson, Cheyenne, Wyo., for plaintiff.

R. G. Diefenderfer, Sheridan, Wyo., for defendants.

KERR, District Judge.

Plaintiff, The Employers' Liability Assurance Corporation, Ltd., a corporation, brings this action to recover on a third party indemnity bond executed jointly and severally by the defendants.

During the month of June 1949 defendant Cal M. Tebbs, doing business as Cal M. Tebbs Construction Company, contacted one Mr. Scheib, attorney-in-fact for plaintiff corporation, and advised Scheib that defendant was the low bidder on a road construction project in Montana and that it was necessary that defendant obtain a contract bond to run unto the State of Montana in the amount of $146,429.23. Scheib informed defendant that the bond could be written by plaintiff corporation providing the defendant could obtain an indemnity bond to insure the plaintiff corporation against any losses incurred as a result of the issuance of said contract bond. Defendant Cal M. Tebbs stated that his father and brother, two of the defendants herein, would execute said third party indemnity bond to be delivered to the plaintiff. The indemnity bond was accordingly executed by defendants and is the subject of this litigation.

Eliminating a large portion of the language used in the indemnity bond, "it was agreed that * * * the defendants would indemnify the plaintiff from and against any and all liability, loss, cost, damages, attorney fees and expenses of whatever kind or nature which the plaintiff might sustain or incur by reason of or in consequence of executing the contract bond * * * or which it may sustain or incur in making any investigation on account of any such bond or bonds in defending or prosecuting any action, suit or other proceedings which might be brought in connection herewith, in obtaining or attempting to obtain a released liability under said bond or bonds, and to indemnify the plaintiff to the full amount of liability, loss, cost, damages, attorney fees and expenses * * * it being the object and intent hereof that this instrument shall protect the plaintiff for any expense it may incur resulting from the issuance of the contract bond".

The defendant Cal M. Tebbs Construction Company defaulted in the payment of some of the accounts incurred in the construction of the Montana project and as a result thereof the plaintiff incurred expense thereon in the amount of $3,051.61. Defendants do not deny their liability on this item and have stipulated they are indebted to plaintiff on the first cause of action for said amount.

During the month of November 1949, prior to completion of the first construction contract, defendant Cal M. Tebbs again contacted Mr. Scheib and advised him that he was low bidder on a second construction job in Montana and that it was necessary for him to furnish a bond in the amount of $63,336.50. Plaintiff agreed to and did furnish to the said defendant a second contract bond in the amount of $63,336.50. At this time plaintiff had received a progress report on the first construction which appeared to be satisfactory. No mention was made at this time of the indemnity bond executed on the 25th day of June 1949 by the defendants. The defendant Cal M. Tebbs again defaulted in his construction work and the plaintiff was required to and did expend the sum of $13,985 in addition to credits allowed in the completion of said second project.

The question for determination by the Court is whether the third party indemnity bond is restricted only to the liabilities arising in the first cause of action, that is, the expenditures made by the plaintiff in completing the first project, or whether the bond is a continuing bond and covers the expenditures made by the plaintiff in the amount of $13,985. The answer must be found in the words contained in the indemnity bond, "State of Montana and other obligees."

As in most cases, a nice and difficult question is presented in determining by

the wording whether the indemnity is a restricted or continuing one.

 The rule that an indemnitor is held only by his express words of his promise does not entitle him to demand an unfair and strained interpretation in order that he may be released from the obligation he has assumed. Blyth v. Pinkerton Nat. Detective Agency, 10 Wyo. 135, 67 P. 619, 57 L.R.A. 468.

The general rules of construction which apply to the parties to other contracts apply in determining as a question of intent, the perons who may avail themselves of, or who are bound by, a contract of indemnity. 42 C.J.S., Indemnity, § 10, p. 576.

A contract of indemnity continues in force during such time as is expressly or impliedly provided for by the terms. Where the indemnity specifies no time for performance, the law implies that it will be performed within a reasonable time.

It was admitted that prior to the execution of the indemnity bond by the defendants the above words were inserted in the bond by the plaintiff. It is clear to the Court that inserting the additional words: "and other obligees" intended to include and did include other contract bonds which the plaintiff might write in the future for defendant Cal M. Tebbs, otherwise the words would be surplusage.

Reading the indemnity bond in its entirety and particularly those words "and other obligees" and taking into consideration all the evidence, facts and circumstances, including the poor financial rating of the defendant Cal M. Tebbs at the time the indemnity bond was executed and also the fact that his financial condition had not been enhanced by the first contract, together with his request for a second bond without making any suggestion as to further indemnity, I am inclined to believe that it was the intention of the parties at the time the indemnity bond was executed that it was to be considered as a continuing bond for the protection of the plaintiff in any future contract bonds which it might issue on behalf of the defendant Cal M. Tebbs.

From the foregoing, I hold that the plaintiff is entitled to recover from the defendants, and each of them, for the amount of expenditures made in completion of the contracts awarded to the defendant Cal M. Tebbs, doing business as Cal M. Tebbs Construction Company, on the first cause of action $3,051.61 and on the second cause of action $13,985.

Counsel will collaborate and prepare findings of fact and conclusions of law, together with a judgment, and present the same within twenty (20) days from the date of the filing of this memorandum, allowing to the defendants the proper exceptions, and the clerk will enter an order accordingly.