■ TRAVELERS INDEMNITY COMPANY, Respondent, v BUFFALO MOTOR & GENERATOR CORP. et al, Appellants.—Order unanimously affirmed, without costs. Memorandum: Plaintiff was the surety on a bid bond issued in 1975 on defendants' behalf which guaranteed that, if awarded a certain construction contract, defendants would enter into that contract and would provide

whatever performance guaranties as were required. Although defendants were subsequently awarded the contract, they were unable to obtain the necessary performance bond and plaintiff was required to pay out 5% of defendants' bid on the project as a penalty for the default. Defendants now appeal from an order which granted plaintiff's motion for summary judgment striking out defendants' answer, amended answer and counterclaim and awarding plaintiff judgment in the amount of $32,248.25 with interest and costs on its cause of action for indemnification. We find no merit to defendants' argument that a general agreement of indemnity which was executed by the parties in 1965 and which enumerated their rights and duties in the event plaintiff should issue bonds on defendants' behalf, either lapsed due to the passage of time or was otherwise abandoned by the parties. Although this agreement did provide that it would continue for an indefinite period of time, this fact alone does not necessitate a finding that it automatically terminated after a "reasonable period of time", especially where, as here, the contract contemplates a continuing series of transactions between the parties (see generally, 1 Williston, Contracts [3d ed], § 38; see, also, *First Nat. Bank of Fort Wayne, Ind. v Union Stockyards Bank of Buffalo,* 123 NYS 655, affd 138 App Div 918; *Employers' Liab. Assur. Corp. v Tebbs,* 137 F Supp 869). Furthermore, since the indemnity contract also contained specific cancellation provisions which it is undisputed were never exercised by defendants, the mere passage of time, absent more, would not terminate the agreement (see, generally, 57 NY Jur, Suretyship and Guaranty § 130; see, also, *United Pacific Ins. Co. v Johnson- Gillanders Co.,* 280 F Supp 90). With respect to the issue of abandonment, defendants have failed to present any evidentiary proof tending to establish that plaintiff did not execute the subject bid bond in reliance on the indemnity agreement or that the course of conduct of the parties after execution of that agreement evinced an intent to abandon its terms. Although admittedly that agreement was never periodically renewed or ratified by the parties, no such renewal was required by its terms. Nor do we find any merit to the argument that plaintiff was estopped from seeking indemnification, since its failure to issue a performance bond was the direct cause of defendants' default on the bid bond. Acceptance of this theory must be premised upon a finding that upon issuance of the bid bond plaintiff was subsequently obligated to issue the performance bond. This premise is directly refuted by the language of the indemnity agreement which empowers plaintiff, at its option, to decline to issue "any" bond. It is well settled that "the opponent [to a motion for summary judgment] must present evidentiary facts sufficient to raise a triable issue of fact, and averments merely stating conclusions, of fact or of law, are insufficient" *(Mallad Constr. Corp. v County Fed. Savs. & Loan Assoc.,* 32 NY2d 285, 290; see, *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). Furthermore, "[w]here the intention of the parties can be gathered from the indemnity agreements themselves, a trial is not necessary to determine the legal effect thereof" *(United States Fid. & Guar. Co. v Green,* 64 Misc 2d 1, 4, affd 34 AD2d 935). Defendants' remaining alleged questions of fact either must be dismissed for failure to present sufficient evidentiary facts or may be answered by reference to the provisions of the general agreement of indemnity. Since defendants have never asserted that the language of that agreement was ambiguous, their references to custom and practice in the local bonding market are irrelevant (see, *Albany Discount Corp. v Basile,* 32 AD2d 723). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.