■ COLONIAL SURETY COMPANY, Respondent, v EASTLAND CONSTRUCTION, INC., et al., Appellants. [913 NYS2d 8]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered August 3, 2009, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for a preliminary injunction directing defendants to deposit with plaintiff the sum of $1,065,273.25 as collateral security, unanimously modified, on the law, to direct plaintiff to post an undertaking, and the matter remanded for the purpose of fixing the amount of the undertaking, and otherwise affirmed, without costs.

Defendants contend that the court improperly granted the injunction directing defendants to deposit collateral with plaintiff, pursuant to the parties' indemnity agreement, because plaintiff breached its duty of good faith performance of the agreement and thus came before the court with "unclean hands." They maintain that plaintiff promised to provide lien discharge bonds in connection with one of three construction projects on which it acted as performance and payment bond surety for defendant Eastland (the Clarkstown Central School District project) and broke its promise, leaving Eastland unable to pay its contractors.

Initially, we note that the indemnity agreement specifically provides that it may not be modified orally. While representatives of Eastland may have told representatives of Clarkstown, in plaintiff's presence, that plaintiff would bond certain liens, those statements do not constitute a specific promise on plaintiff's part.

Defendants' contention that the court erred in ordering collateral security in the full amount requested by plaintiff is raised for the first time on appeal, and is not properly before us. Were we to consider this argument, we would find that it was reasonable for the amount of security to be based on asserted claims (*see BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.*, 214 AD2d 521, 523 [1995]).

Defendants' contention that the court erred in failing to require plaintiff to post an undertaking is also raised for the first time on appeal but may be considered, because it is a proposition of law that appears on the face of the record and could not have been avoided if brought to plaintiff's attention at the proper time (*Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). CPLR 6312 (b) provides, in pertinent part, that "prior to the granting of a preliminary injunction, the plaintiff *shall* give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction." (Emphasis added.) Thus, we modify to remand for the purpose of fixing the amount of the undertaking. Concur—Tom, J.P., Friedman, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31756(U).]**