10-5161-cv (L)
Safeco Ins. Co. of Am. v. Hirani/MES, JV

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                      RAYMOND J. LOHIER, JR.,
                                          *Circuit Judges*,
                      EDWARD R. KORMAN,
                                          *District Judge.*[*]

-------------------------------------------------------------------

SAFECO INSURANCE COMPANY OF AMERICA,
a Washington corporation,

  *Plaintiff-Appellee-Counter-Defendant*,

                              v.                              Nos. 10-5161-cv (Lead)
                                                                      10-5203-cv (Con)

HIRANI/MES, JV, a joint venture, SARITA HIRANI,
an individual, JITENDRA S. HIRANI, an individual,
HIRANI ENGINEERING & LAND SURVEYING,
P.C., a New York Professional Corporation,

  *Defendants-Counter-Claimants-Appellants*,

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

M.E.S., INC., a New York Corporation, M.C.E.S., INC., a New York Corporation, GEORGE MAKHOUL, an individual,

*Defendants-Appellants.*

-------------------------------------------------------------------

FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLANTS:

HENRY CHAN, Wilson & Chan, LLP, New York, NY.

FOR DEFENDANTS-APPELLANTS:

GEOFFREY JOHNSON, Johnson & Conway, LLP, Ho-Ho-Kus, NJ.

FOR PLAINTIFF-APPELLEE-COUNTER-DEFENDANT:

VIVIAN KATSANTONIS, Watt, Tieder, Hoffar & Fitzgerald, LLP, McLean, VA (William R. Brocks, Jr., Farber Brocks & Zane, LLP, Mineola, NY, *on the brief*).

Appeal from two orders of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED.

Defendants in this case, Hirani/MES, JV, Sarita Hirani, Jitendra S. Hirani, and Hirani Engineering & Land Surveying, P.C. (the "Hirani Defendants") and M.E.S., Inc., M.C.E.S., Inc., and George Makhoul (the "MES Defendants"), appeal from two orders granting in part Safeco Insurance Company of America's motion for partial summary judgment and requiring Defendants immediately to give Safeco enough collateral security to cover its anticipated costs and expenses. On appeal, Defendants contend that the District Court (1) erroneously granted partial summary judgment without considering their equitable defenses and (2) improperly calculated the amount of collateral security.

2

We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

        1.   <u>Safeco's Claim for Collateral Security</u>

"We review an award of summary judgment de novo, affirming only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." <u>City of New York v. Grp. Health Inc.</u>, 649 F.3d 151, 155 (2d Cir. 2011) (quotation marks omitted). In a contract dispute, summary judgment may be appropriate "when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." <u>Topps Co. v. Cadbury Stani S.A.I.C.</u>, 526 F.3d 63, 68 (2d Cir. 2008). In addition, we recognize that a party requesting specific performance of a contract must "demonstrate that remedies at law are incomplete and inadequate to accomplish substantial justice." <u>Lucente v. Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 262 (2d Cir. 2002).

In two provisions of the indemnity agreements, which are governed by New York law, Defendants agreed to give Safeco enough collateral security to "discharge any claim made against [Safeco]" and to "cover all exposure under . . . [the] bonds." Defendants do not challenge the validity of the agreements or the substance of the collateral security provisions. Nor do they dispute that they were declared to be in default on the contracts covered by Safeco's bonds and that, as a result, Safeco was exposed to liability and began incurring expenses under the bonds. Under the plain, unambiguous language of the contracts, Defendants were required to provide collateral security upon demand if Safeco became exposed to potential losses and expenses under the surety bonds and, therefore, Safeco was entitled to partial summary judgment as to its right to collateral security. Moreover, Defendants' obligation to provide Safeco with collateral security is "subject to enforcement by specific performance[ because t]he damage resulting from the failure to

3

give security is not ascertainable, and the legal remedy is therefore inadequate." BIB Constr. Co. v. Fireman's Ins. Co., 625 N.Y.S.2d 550, 552 (1st Dep't 1995) (quotation marks omitted).

Defendants nevertheless argue that summary judgment was improper because the District Court failed to consider certain equitable defenses, most of which relate to allegations that Safeco acted in bad faith. We disagree for two reasons. First, Defendants conflate collateral security with an award of indemnification. (Defendants' reliance on Borey v. National Union Fire Insurance Co., 934 F.2d 30 (2d Cir. 1991), is misplaced, as that case involved a surety's rights of quia timet and indemnification, with no indication that the surety agreement provided for collateral.) The District Court was entitled to award Safeco specific performance on its contractual right to collateral security and ignore the defenses related to Safeco's separate right to indemnification, as to which issues of bad faith may be relevant. Cf. Am. Motorists Ins. Co. v. United Furnace Co., 876 F.2d 293, 300 (2d Cir. 1989); BIB Constr., 625 N.Y.S.2d at 552. Second, the provisions of the contract that Defendants contend required Safeco to act in good faith are unrelated to the provisions obligating them to provide Safeco with collateral security. Because Defendants' allegations of bad faith do not implicate Safeco's right to the interim remedy of collateral security, the District Court did not err in granting partial summary judgment. Cf. Am. Motorists Ins., 876 F.2d at 300; BIB Constr., 625 N.Y.S.2d at 552.

The Hirani Defendants also argue that Safeco failed to show that there was a likelihood that it would be irreparably injured—a prerequisite for injunctive relief—if its motion for specific performance was not granted. That argument is without merit. Where a surety "bargained for collateral security and . . . failed to receive it, [the surety]'s injury is real and immediate." Am. Motorists Ins., 876 F.2d at 302. Further, Defendants' own

4

persistent arguments that they lack sufficient assets to provide the contractually required collateral—and lack sufficient assets to both provide the ordered collateral and litigate the merits of the remaining issues in the present action—establish that if the collateral is not provided and Defendants litigate the merits unsuccessfully, Safeco's injury will be uncompensated. Consequently, the record shows that, in the absence of the posting of collateral, Safeco has a likelihood of irreparable injury.

2. Determination of the Amount of Collateral Security

Both indemnity agreements provide that they are "to be liberally construed so as to protect, exonerate and indemnify [Safeco]" and that "[a]n itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of the liability of [Defendants] to [Safeco] in any claim or suit by [Safeco] against [Defendants]." In light of these provisions, the District Court did not abuse its discretion in determining the amount of collateral security that Defendants were required to provide. The District Court reasonably decided that Safeco's anticipated costs and expenses would be determined as of August 24, 2010, the last date on which Safeco had made a collateral demand upon Defendants. It also reasonably declined to reduce the amount of collateral security (1) by amounts that were disputed or still uncertain, or (2) to account for assets Safeco obtained pursuant to other provisions of the indemnity agreements. Finally, viewing the indemnity agreements in their entirety, we conclude that the term "exposure," as used in the agreements, is sufficiently broad to include attorneys' fees, and therefore it was not an abuse of discretion for the District Court to include estimated attorneys' fees in the collateral security award.

5

We have considered the Defendants' remaining arguments on appeal and conclude that they are without merit or moot.  For the foregoing reasons, the District Court's orders are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court