■ UTICA MUTUAL INSURANCE COMPANY, Appellant, v CARDET CONSTRUCTION CO., INC., et al., Respondents. [981 NYS2d 118]—

In an action, inter alia, to recover damages for breach of an indemnification agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated April 11, 2012, as denied those branches of its motion which were for summary judgment on the first cause of action of the amended complaint, which sought specific performance of the collateral security provision of the subject indemnification agreement, summary judgment on so much of the third cause of action of the amended complaint as sought indemnification in the sum of $115,212.74 for attorney fees and expenses the plaintiff allegedly incurred by reason of its suretyship of the defendant Cardet Construction Co., Inc., and summary judgment dismissing the defendants' affirmative defenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the first cause of action of the amended complaint, summary judgment on so much of the third cause of action of the amended complaint as sought indemnification in the sum of $115,212.74, and summary judgment dismissing the defendants' affirmative defenses are granted.

The defendant Cardet Construction Co., Inc. (hereinafter Cardet), entered into a contract with American Airlines, Inc. (hereinafter American), to perform construction and improvement of the new Admirals Club and Flagship Lounge at John F. Kennedy International Airport (hereinafter the construction

contract). The plaintiff, Utica Mutual Insurance Company (hereinafter Utica), as surety, issued a performance bond and a labor and material payment bond, each in the sum of $2,500,000, naming Cardet as principal and American as obligee. The defendants executed an indemnification agreement in favor of Utica in connection with the bonds. Pursuant to the indemnification agreement, the defendants agreed to "indemnify and save [Utica] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which [Utica] may pay or incur in consequence of having executed . . . [the] bonds . . . including fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the indemnitors under this [a]greement." The indemnification agreement also included a provision requiring the defendants to post collateral security, immediately upon demand by Utica, to cover any claim, suit, or judgment under the bonds.

In a letter dated August 4, 2008, American declared that Cardet was in default under the construction contract. American did not seek to have Utica complete the balance of the remaining work, claiming that Utica would not be able to ensure completion of the work in a timely manner as required by the construction contract.

Cardet commenced an action against American (hereinafter the underlying action) alleging breach of contract and seeking damages in excess of $1 million. Subsequently, American asserted a counterclaim against Cardet and Utica, as surety, seeking damages in excess of $1 million. Utica retained counsel to defend against American's counterclaim in the underlying action. Pursuant to the indemnification agreement, Utica demanded indemnification from the defendants for the attorney fees and expenses it incurred in the underlying action, and demanded that the defendants post a collateral security deposit to cover American's claims under the bonds. After the defendants refused to comply with these demands, Utica commenced this action.

In the order appealed from, the Supreme Court denied those branches of Utica's motion which were for summary judgment on the first cause of action of the amended complaint, which sought specific performance of the collateral security provision of the indemnification agreement, summary judgment on so much of the third cause of action of the amended complaint as sought indemnification in the sum of $115,212.74 for attorney fees and expenses Utica allegedly incurred by reason of its sure-

tyship of Cardet, and summary judgment dismissing the defendants' affirmative defenses.

Utica demonstrated its prima facie entitlement to judgment as a matter of law on the first cause of action of the amended complaint by submitting the indemnification agreement, the performance bond, and proof that American had asserted a counterclaim in excess of $1 million against Utica, as surety, in the underlying action (*see Safeco Ins. Co. of Am. v Hirani/MES, JV,* 480 Fed Appx 606, 608 [2d Cir 2012]; *Colonial Sur. Co. v Genesee Val. Nurseries,* 5 AD3d 1024, 1025 [2004]; *BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.,* 214 AD2d 521, 523 [1995]). In opposition, the defendants failed to raise a triable issue of fact. In light of the amount sought in American's counterclaim, the $251,688.80 collateral security deposit demanded by Utica is reasonable (*cf. Colonial Sur. Co. v Eastland Constr., Inc.,* 77 AD3d 581, 582 [2010]; *American Motorists Ins. Co. v Trans Intl. Corp.,* 265 AD2d 280, 281 [1999]; *American Motorists Ins. Co. v Napco Sec. Sys.,* 244 AD2d 197 [1997]; *BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.,* 214 AD2d at 523).

Contrary to the defendants' contention, pursuant to the terms of the indemnification agreement, Utica demonstrated its entitlement to judgment as a matter of law on so much of the third cause of action of the amended complaint as sought indemnification in the sum of $115,212.74. Utica met its prima facie burden by submitting the indemnification agreement, the performance bond, and itemized statements of attorney fees and expenses (*see John Deere Ins. Co. v GBE/Alasia Corp.,* 57 AD3d 620, 621 [2008]; *Lee v T.F. DeMilo Corp.,* 29 AD3d 867, 868 [2006]; *Frontier Ins. Co. v Renewal Arts Contr. Corp.,* 12 AD3d 891, 892 [2004]; *Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184, 1185 [1983]; *cf. Travelers Cas. & Sur. Co. of Am. v Stransky,* 93 AD3d 781 [2012]). In opposition, the defendants failed to raise a triable issue of fact regarding the reasonableness of the attorney fees and expenses (*cf. American Motorists Ins. Co. v Trans Intl. Corp.,* 265 AD2d at 281; *American Motorists Ins. Co. v Napco Sec. Sys.* 244 AD2d 197 [1997]), or Utica's good faith in incurring such fees and expenses (*cf. WBP Cent. Assoc., LLC v DeCola,* 91 AD3d 861, 863 [2012]; *Peerless Ins. Co. v Talia Constr. Co.,* 272 AD2d 919 [2000]; *BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.,* 214 AD2d at 524).

For these same reasons, the Supreme Court should have granted that branch of Utica's motion which was for summary judgment dismissing the defendants' affirmative defenses, which asserted, among other things, that Utica did not issue any bonds on the defendants' behalf.

Accordingly, the Supreme Court should have granted those branches of Utica's motion which were for summary judgment on the first cause of action of the amended complaint, summary judgment on so much of the third cause of action of the amended complaint as sought indemnification in the sum of $115,212.74, and summary judgment dismissing the defendants' affirmative defenses. Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.