14-2289-cv
*Safeco Insurance Co. of America v. Lawrence Brunoli, Inc., Lawrence Brunoli, Jr.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fifteen.

PRESENT:

CHESTER J. STRAUB,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
        *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SAFECO INSURANCE COMPANY OF AMERICA,

        *Plaintiff-Appellee*,

        v.                                                          No. 14-2289-cv

LAWRENCE BRUNOLI, INC., LAWRENCE BRUNOLI, JR.,

        *Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANTS-APPELLANTS:     Margaret Fogerty Rattigan, Murphy, Laudati, Kiel, Buttler & Rattigan, LLC, Farmington, CT; P. Jo Anne Burgh, Glastonbury, CT.

FOR PLAINTIFF-APPELLEE:        Bradford R. Carver, Jonathan C. Burwood,
                               Hinshaw & Culbertson LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART** and the case is **REMANDED**.

Lawrence Brunoli, Inc. and Lawrence Brunoli, Jr. (collectively, "LBI"), Defendants-Appellants, appeal from the district court's grant of summary judgment in favor of Plaintiff-Appellee Safeco Insurance Company of America ("Safeco"), awarding Safeco $4,687,147.84 in collateral security. On appeal, LBI contends that it is not required to post collateral where Safeco has not yet suffered any actual loss on a claim or where Safeco faces allegedly meritless claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We "review[] a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in its favor." *Singh v. City of New York*, 524 F.3d 361, 366 (2d Cir. 2008). Summary judgment is appropriate "when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008).

Under Connecticut law, "[i]n situations where the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained." *Sturman v. Socha*, 463 A.2d 527, 532 (Conn. 1983) (internal quotation marks omitted).

> A contract is unambiguous when its language is clear and conveys a definite and precise intent. . . .The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous.

*Cruz v. Visual Perceptions, LLC*, 84 A.3d 828, 834 (Conn. 2014) (alterations in original) (internal quotation marks omitted).

We conclude that the plain language of the General Agreement of Indemnity for Contractors ("GAI") supports a broad interpretation of the collateral security provision. Under the terms of the parties' agreement, collateral security is not limited to actual losses: "[LBI] will, if requested by [Safeco], either deposit collateral with [Safeco], acceptable to [Safeco], sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to [Safeco] for the funding of the bonded obligation(s)." App. 12, General Provisions ¶ 5. Moreover, the GAI's broad language indicating that collateral security should "cover all exposure" should also be read in light of another provision requiring that the agreement "be liberally construed so as to protect, exonerate and indemnify [Safeco]." *Id.*, General Provisions ¶ 11. We have previously interpreted the same contractual language to unambiguously require a contractor to provide a surety with collateral to cover potential losses and expenses. *See Safeco Ins. Co. of Am. v. Hirani/MES, JV*, 480 F. App'x 606, 608 (2d Cir. 2012) (summary order) ("Under the plain, unambiguous language of the contracts, Defendants were required to provide collateral security upon demand if Safeco became exposed to potential losses and expenses under the surety bonds and, therefore, Safeco was entitled to partial summary judgment as to its right to collateral security."). The district court did not err in its interpretation of the GAI.

At the time the district court decided the motion for summary judgment on collateral security, two of the five underlying claims against Safeco had been resolved. The district court's judgment accordingly ordered that LBI provide collateral equal to the amount of the remaining three claims. LBI did not subsequently argue in its submissions opposing indemnification and requesting reconsideration of the value of the collateral security that other claims had been resolved. Therefore, the collateral security judgment properly included the amount claimed in the three remaining bond claims against LBI and Safeco. Safeco acknowledges that all of the claims underlying this action, with the exception of Suntech of Connecticut's claim for $601,304.54, were resolved after the district court ordered LBI to post $4,687,147.84 in collateral. It accordingly requests that this Court either modify the district court's judgment to reflect this change in circumstances or vacate the district court's judgment with respect to the amount of collateral security it ordered LBI to pay. The district court will determine what claims are still pending and award collateral security in the first instance. *Cf. Korn v. Franchard Corp.*, 456 F.2d 1206, 1208 (2d Cir. 1972) ("[W]here circumstances have changed between the ruling below and the decision on appeal, the preferred posture is to remand to give the district court an opportunity to pass on the changed circumstances.").

Thus, we **AFFIRM IN PART AND VACATE IN PART**. We **AFFIRM** the district court's judgment to the extent the court ordered LBI to pay collateral security and **VACATE** the district court's judgment with respect to the amount of the collateral

security and **REMAND** to the district court to amend the judgment to recalculate the amount of collateral security due to Safeco under the GAI in light of intervening settlements.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court