■ S. MAZIN & SON, INC., Respondent, v ALAN H. SCHULKIN, Appellant, and POMALEE ELECTRIC CO., INC., et al., Respondents. — Judgment of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on December 20, 1982, which granted judgment to plaintiff on the basis of *quantum meruit* and ordered foreclosure of mechanic's liens and other relief is unanimously modified, on the law and the facts and in the exercise of discretion, with costs and disbursements, to the extent of striking the allowance of counsel fees that defendant-appellant Alan H. Schulkin is directed to pay, and modifying the award as follows: to plaintiff S. Mazin & Son, Inc., $1,200 as an award under CPLR 8303 (subd [a], par 2); to defendant Pomalee Electric Co., Inc., $675 as an additional award under CPLR 8303 (subd [a], par 2); to defendant William Erath & Sons, Inc., $600 as an additional award under CPLR 8303 (subd [a], par 2); to defendant Hudson Shatz Painting Co., Inc., $975 as an additional award under CPLR 8303 (subd [a], par 2); to defendant Mutual Lumber Co., Inc., $135 as an additional award under CPLR 8303 (subd [a], par 2); and to defendant A.R. Blyth, Inc., $2,500 as an additional award under CPLR 8303 (subd [a], par 2); and otherwise affirmed. Additional awards of Trial Term exceed the amount permissible under CPLR 8303 (subd [a], par 2), which is

limited to "a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter involved and not exceeding the sum of three thousand dollars". Moreover, there is no indication in the record as to the manner in which the court arrived at its determination or the provision of the law other than CPLR 8303 (subd [a]) under which it was proceeding, if any. Indeed, no such other statutory authority appears to exist. There is no justification for counsel fees. Concur — Murphy, P. J., Sullivan, Silverman, Milonas and Kassal, JJ.