■ ALAN H. SCHULKIN, Respondent, v JOEL S. STERN et al., Doing Business as STERN & FIXLER, Appellants.—Order, Supreme Court, New York County (Edith Miller, J.), entered on or about August 18, 1987, denying defendants' motion for leave to serve a supplemental answer and for summary judgment based upon such supplemental answer, unanimously

modified, on the law and facts and in the exercise of discretion to the extent of granting leave to file a supplemental answer, and otherwise affirmed, without costs.

In this legal malpractice action, based upon defendants' alleged negligence in drafting an agreement for improvements to real property, defendants sought leave pursuant to CPLR 3025 (b) to amend their answer in order to plead the affirmative defense of collateral estoppel, and for summary judgment on the basis of such affirmative defense. The IAS court found that there was no identity of issues with a prior, severed action, nor any credible explanation for the apparent five-year delay in seeking to amend the answer. The court concluded that the proposed amendment was lacking in merit and denied the motion in its entirety.

The prior related action* was brought by a subcontractor against plaintiff owner of the property, the construction manager, and other subcontractors to foreclose a mechanic's lien on the property for plumbing and renovation costs. Plaintiff, in addition to answering the complaint and cross complaint, commenced the instant malpractice action. The malpractice action was severed from the principal case by decision of Judge Charles S. Whitman, Supreme Court, New York County, dated April 26, 1982.

In this action plaintiff alleges, *inter alia,* that defendants improperly represented both plaintiff and his construction manager in negotiating and drafting an agreement between them; that due to this conflict of interest and negligent draftsmanship, the agreement failed to protect plaintiff's interests; that as a result the construction manager incurred expenses of $80,000 above the budgeted $115,000 without plaintiff's knowledge; and that defendants are, therefore, liable for the budget overruns and for legal expenses incurred in connection with the principal lawsuit.

Defendants, on the other hand, deny ever representing plaintiff herein and claim that the court's finding in the principal action that plaintiff knew the nature, scope and costs of the material and labor and accepted same without

---

* The principal action proceeded to trial before Justice Irving Kirschenbaum, Supreme Court, New York County, who rendered findings of fact and granted judgment for all parties against the plaintiff herein and dismissed plaintiff's counterclaims. This court affirmed the findings of fact and judgment entered in that action was modified only to the extent of reducing the amount of the additional award under CPLR 8303 (a) (2) and striking the award of counsel fees. *(Mazin & Son v Schulkin,* 96 AD2d 478 [1st Dept 1983], *lv denied* 60 NY2d 553.)

objection operates as collateral estoppel in this action warranting summary judgment dismissal.

Although the court below correctly determined that there was not such an identity of issues in this action and the principal one so as to grant summary judgment in favor of the defendant at this time, some of the findings of fact made in the prior case, while not necessarily dispositive, are nonetheless relevant to the malpractice suit. Therefore, the IAS court should have permitted defendants to amend their answer while denying summary judgment.

The doctrine of collateral estoppel or issue preclusion prevents a party from relitigating an issue which has previously been decided against such party in a proceeding in which a fair opportunity to fully litigate the point was had. *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455 [1985]; *Koch v Consolidated Edison Co.,* 62 NY2d 548, 554 [1984], *cert denied* 469 US 1210 [1985].)* Plaintiff had a full and fair opportunity to litigate the issue of his knowledge and consent to the work and consequent budget overruns in the principal action. However, there is a significant distinction between the major issue presented in this action and that presented by the principal one, for even if plaintiff, pursuant to the terms of the agreement, consented to the work which was performed, he is not estopped from pursuing his claim against defendants for failing to draft an agreement which adequately protected his right to refuse such consent.

Leave to amend pleadings "shall be freely given" absent prejudice or surprise resulting directly from delay. (CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935 [1978].) The record herein reveals neither surprise nor prejudice to plaintiff, and the claim of collateral estoppel may have merit. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Smith, JJ.