■ MARJORIE ROSENKRANTZ, Respondent, v MICHAEL F. ERDHEIM, Appellant.—Order, Supreme Court, New York County (Jacqueline Silbermann, J.), dated March 22, 1991, which, *inter alia,* denied defendant's motion to amend his answer to assert the affirmative defenses of res judicata and collateral estoppel, and for summary judgment dismissing the complaint on the basis of these defenses, is unanimously affirmed, without costs.

Defendant contends that the issues involved in this legal

malpractice action were necessarily determined in the matrimonial action in which he allegedly committed the acts of malpractice, and that plaintiff is therefore collaterally estopped from raising these issues herein. We disagree. Giving the complaint every favorable intendment, defendant's alleged malpractice caused plaintiff damages that were not addressed in the matrimonial action and not accounted for in the distribution.

Defendant's alleged malpractice may have prevented plaintiff from collecting as much money as she might have from her ex-husband, and caused her to spend money she otherwise would not have spent. For example, defendant's alleged failure to enforce a *pendente lite* order in plaintiff's favor may have contributed to the foreclosure action on the marital home, creating increased expenses for plaintiff in the form of interest, penalties and extra attorney's fees, and causing her damage notwithstanding that the matrimonial court awarded her arrears. In addition, defendant's failure to prepare and file the IRS asset statement may have contributed to plaintiff's loss of her home, the incurrence of debt, loss of other property, and increased expenses and counsel fees. While there are obvious questions as to the bases of those claims, these questions were not determined in the matrimonial action. Concur —Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.