■ In the Matter of LAKE ANNE REALTY CORP. et al., Respondents-Appellants, v PLANNING BOARD, TOWN OF BLOOMING GROVE, et al., Appellants-Respondents. (Matter No. 1.) LAKE ANNE REALTY CORP. et al., Respondents-Appellants, v TOWN OF BLOOMING GROVE, Defendant, et al., Appellants-Respondents. (Matter No. 2.) [624 NYS2d 843] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Building Inspector of the Town of Blooming Grove to issue a building permit (Matter No. 1) and a hybrid action and proceeding (1) for a judgment declaring that the petitioners have a vested right to expand a nonconforming use and that the 1974 Zoning Ordinance of the Town of Blooming Grove is unconstitutional as applied to them and (2) to review a deter-

mination of the Zoning Board of Appeals, Town of Blooming Grove, N.Y., dated May 12, 1993, which, after a hearing, dismissed an appeal from a determination of the Building Inspector of the Town of Blooming Grove denying an application for a building permit (Matter No. 2), the appeal, as limited by the appellants-respondents' brief, is from so much of an order of the Supreme Court, Orange County (Carey, J.), dated September 28, 1993, as (a) granted that branch of the petitioners' motion which was to serve an amended petition in Matter No. 1, (b) granted the petition in Matter No. 2, vacated the determination dated May 12, 1993, and remitted the matter to the Zoning Board of Appeals, and (c) denied that branch of their motion in Matter No. 2 which was to dismiss the plaintiffs-petitioners' cause of action for a judgment declaring that they have a vested right to expand a nonconforming use, and the cross appeal is from so much of the same order as granted that branch of the appellants-respondents' motion which was to dismiss the plaintiffs-petitioners' cause of action in Matter No. 2 which was for a declaratory judgment that the 1974 Zoning Ordinance of the Town of Blooming Grove is unconstitutional as applied to them.

Ordered that the order is reversed insofar as cross-appealed from, without costs or disbursements, by deleting the provision thereof which granted that branch of the motion of the appellants-respondents which was to dismiss the plaintiffs-petitioners' cause of action in Matter No. 2 for a judgment declaring that the 1974 Zoning Ordinance of the Town of Blooming Grove is unconstitutional as applied to them, and that branch of the motion is denied; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

These matters are the culmination of a long series of actions and proceedings which have engaged both State and Federal courts for upward of 20 years. In the order appealed from, the Supreme Court consolidated these two matters, and, *inter alia,* granted that branch of the appellants-respondents' motion in Matter No. 2 which was to dismiss the cause of action of Lake Anne Realty Corp. and Marvin H. Greene (hereinafter collectively Lake Anne) which was for a declaratory judgment that the 1974 Zoning Ordinance of the Town of Blooming Grove is unconstitutional as applied to them. The court denied that branch of the appellants-respondents' motion which was to dismiss Lake Anne's cause of action for a declaratory judg-

ment that they had a vested right to expand a nonconforming use of their property.

For the most part, we are in agreement with the reasoning of the Supreme Court and the relief granted in its order. We conclude, however, that the court erred in dismissing Lake Anne's constitutional challenge to the 1974 zoning ordinance, since their cause of action relating to their vested rights claim includes a cause of action that the 1974 zoning ordinance is unconstitutional as applied to their property *(see generally, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114; *Matter of Schoonmaker Homes—John Steinberg, Inc. v Village of Maybrook,* 178 AD2d 722). Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.