■ Marvin H. Greene et al., Respondents, v Payne, Wood and Littlejohn et al., Appellants. [624 NYS2d 629] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated August 3, 1993, as denied their motion for partial summary judgment dismissing the plaintiffs' second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1952 the plaintiffs purchased a 710-acre parcel of land in the Town of Blooming Grove (hereinafter the Town) for the purpose of developing a vacation resort. The plaintiffs subsequently submitted a map to the Town Planning Board designating 136 acres of the parcel for use as a bungalow colony. The proposed map was approved by the Planning Board in October 1960, and the plaintiffs subsequently constructed approximately 125 bungalow units on a portion of their property. In 1974, the Town enacted a new zoning ordinance which expressly eliminated bungalow colonies as a permitted use. In June 1986, the plaintiffs, asserting a vested right to a nonconforming use of the entire 136 acres designated in the map approved in 1960, applied to the Town's Building Inspector for

a permit to construct additional bungalow units. When the permit was denied, the plaintiffs retained the defendants to represent them.

The defendants subsequently commenced a Federal civil rights action on behalf of the plaintiffs, alleging that the Town's use of its zoning powers to deny the plaintiffs' application for a building permit constituted a deprivation of property without due process in violation of 42 USC § 1983. Following a jury trial in the United States District Court for the Southern District of New York, the plaintiffs' civil rights action was dismissed. However, as the result of a special jury verdict, the plaintiffs were awarded a declaratory judgment on an unpleaded pendent claim for a declaration that they had "a valid vested right [under State law] to improve the bungalow colony". The United States Court of Appeals for the Second Circuit reversed the declaratory judgment in favor of the plaintiffs, concluding that the District Court erred in exercising pendent jurisdiction over the State cause of action because the plaintiffs failed to separately plead a pendent State cause of action for declaratory relief. In dismissing that cause of action, the Second Circuit noted in dicta that it did not leave the plaintiffs without a remedy, as the jury's special verdict "may" have collateral estoppel effect against the Town in State court.

The defendants' motion for partial summary judgment dismissing the second cause of action for legal malpractice relies on the dicta in the Second Circuit judgment suggesting that the Town "may" be collaterally estopped from relitigating the vested rights issue in State court. The record shows that because the Town continued to deny the plaintiffs' application for building permits following the Federal court proceedings, the plaintiffs commenced two CPLR article 78 proceedings in State court wherein the plaintiffs raised the collateral estoppel arguments (*Matter of Lake Anne Realty v Planning Bd.,* 212 AD2d 790). However, in neither of these proceedings, nor on appeal to this Court, have the merits of the claim of collateral estoppel against the Town been decided. Since the theory upon which the defendants moved to dismiss the plaintiffs' cause of action for legal malpractice would depend on the answer to that question, the Supreme Court properly denied their motion for summary judgment.

Moreover, even if the special jury verdict in the Federal action is given collateral effect, the plaintiffs may still be entitled to damages if it is determined that the defendants failed to properly plead the pendent claim because, if the

pendent issue had been properly pleaded, the matter would have been disposed of following the Federal court proceedings and without this additional period of delay. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.