OPINION OF THE COURT
John R. LaCava, J.
*973 Various motions and applications made in connection with these consolidated proceedings were resolved in this court’s decision and order of March 27, 1997. Among other things, the court: denied plaintiffs-petitioners’ motions for summary judgment (3800/93) and default judgment (1226/93); denied defendants-respondents’ motion for summary judgment based on (a) res judicata, (b) Statute of Limitations, (c) collateral estoppel, and (d) abandonment; and, upon the application of traditional analysis, denied plaintiffs-petitioners’ motion to disqualify the firm of Jacobowitz & Gubits from representing the Town before the Zoning Board of Appeals (ZBA) in connection with the court’s September 28, 1993 ordered remand (see, Matter of Lake Anne Realty Corp. v Planning Bd., Sup Ct, Orange County, Carey, J., affd 212 AD2d 790 [2d Dept 1995], lv dismissed 85 NY2d 1022 [1995]). A determination of the merits of a General Municipal Law § 805-a disqualification application was held in abeyance pending further submissions.
As noted in the March 27, 1997 decision and order, Jacobowitz & Gubits represented the ZBA up until the New York State Court of Appeals 1995 dismissal of the application for leave to appeal the decision reached in Matter of Lake Anne Realty Corp. v Planning Bd. (212 AD2d 790 [2d Dept 1995], supra). Robert Fink, Esq. has since been appointed special counsel to the ZBA.
General Municipal Law § 805-a (1) (c) provides:
"No municipal officer or employee shall * * *
"receive, or enter into any agreement, express or implied, for compensation for services to be rendered in relation to any matter before any municipal agency of which he is an officer, member or employee”.
Upon review of section 805-a (1) (c), the court noted in Matter of Lake Anne Realty Corp. v Planning Bd. (Sup Ct, Orange County, Mar. 27, 1997, LaCava, J.):
"The Attorney General of the State of New York has interpreted the statute as prohibiting an attorney who represents a municipal agency, such as a planning board, from representing private clients for compensation before the agency (Op. Atty. Gen. [Inf.] 93-36). Further, an attorney for a municipal body, such as a planning board, has been deemed to be an 'officer or employee’ of that body (Op. Atty. Gen. [Inf.] 87-67). Therefore, under GML § 805-a, the attorney would be precluded from representing clients before the planning board while still maintaining employment with it (id.). This prohibition has been interpreted to extend to part-time counsel of a municipal agency (Op. Atty. Gen. [Inf.] 92-54).”
*974 Therefore, the parties were directed to advise the court as to whether the firm of Jacobowitz & Gubits is still employed as counsel to the ZBA. Further memoranda of law, limited to the General Municipal Law § 805-a issue, was also invited. Such submissions are now before the court and will be considered to the extent that they specifically relate to the General Municipal Law § 805-a issue.
Jacobowitz & Gubits advises the court that it "is still employed as attorneys for the Town, which employment includes general representation of the ZBA.” It reiterates that Robert Fink, Esq. has been retained to represent the ZBA with respect to petitioners’ application.
Respondents’ argument that General Municipal Law § 805-a is inapplicable to its representation of the Town before the ZBA is persuasive. It correctly notes that the referenced opinions of the Attorney-General relate to the impropriety of one’s representation of "private clients”, which must be distinguished from situations where, as here, counsel seeks to continue its representation of the municipality itself. Such an interpretation is in accord with the legislative purpose of General Municipal Law article 18, which addresses itself to the protection of the public and public officers, as opposed to the private interests of individual applicants. " 'The chapter [L.1964, c. 946] * * * has a trinity of purposes: to protect the public from municipal contracts influenced by avaricious officers, to protect innocent public officers from unwarranted assaults on their integrity and to encourage each community to adopt an appropriate code of ethics to supplement this chapter.’ ” (Historical Note, McKinney’s Cons Laws of NY, Book 23, General Municipal Law art 18, at 211-212.) Application of the statute to the present situation would act to deprive the Town of the long-term representation that its attorneys have provided to it, something apparently not contemplated nor intended by General Municipal Law § 805-a.
Having previously denied disqualification upon the application of traditional analysis, and having now found that General Municipal Law § 805-a does not bar the firm of Jacobowitz & Gubits from continuing its long-standing representation of the Town, it is hereby ordered, that the parties take whatever steps are necessary to comply with the court’s September 28, 1993 ordered remand of the matter to the ZBA for further *975 proceedings (see, Matter of Lake Anne Realty Corp. v Planning Bd., Sup Ct, Orange County, Carey, J., affd 212 AD2d 790 [2d Dept 1995], lv dismissed 85 NY2d 1022 [1995], supra).