■ EDMUND J. CANNISTRA et al., Respondents, v McCULLOUGH, GOLDBERGER & STAUDT et al., Appellants. [669 NYS2d 913] —In an action to recover damages for legal malpractice, the defendants McCullough, Goldberger & Staudt, formerly known as Taylor, McCullough, Goldberger, Geoghegan & Friedman, Frank S. McCullough, Jr., Charles S. Goldberger, John A. Geoghegan, James Staudt, and S. William Friedman appeal, and the defendants O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, Eugene J. McGuinness, Rocco Conte, Dennis T. Doyle, William S. Oleson, J. Peter Collins, Richard C. Oleson, Dennis L. O'Connor, Jr., William R. Watson, and Kevin M. Loftus separately appeal, from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 16, 1996, which denied their respective motions to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly denied the motion of the

defendants O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, Eugene J. McGuinness, Rocco Conte, Dennis T. Doyle, William S. Oleson, J. Peter Collins, Richard C. Oleson, Dennis L. O'Connor, Jr., William R. Watson, and Kevin M. Loftus (hereinafter the O'Connor defendants) to dismiss the action insofar as asserted against them pursuant to CPLR 3211 (a). The O'Connor defendants failed to sustain their burden of proving identity of issue in support of their claim that the instant malpractice action was barred by the doctrine of collateral estoppel (*see, Weiss v Manfredi,* 83 NY2d 974). Further, the documentary evidence submitted by the O'Connor defendants did not "conclusively establish * * * a defense to the asserted claims as a matter of law" (*Leon v Martinez,* 84 NY2d 83, 88) since it was rebutted by the plaintiffs. Moreover, the complaint stated a cognizable cause of action to recover damages for legal malpractice (*see, Raphael v Clune, White & Nelson,* 201 AD2d 549; *Marshall v Nacht,* 172 AD2d 727, 728).

Further, the Supreme Court properly denied the motion of the defendants McCullough, Goldberger & Staudt, formerly known as Taylor, McCullough, Goldberger, Geoghegan & Friedman, Frank S. McCullough, Jr., Charles S. Goldberger, John A. Geoghegan, James Staudt, and S. William Friedman (hereinafter the McCullough defendants) for summary judgment dismissing the complaint insofar as asserted against them. Triable issues of fact exist with respect to the extent of the McCullough defendants' involvement in or knowledge of the acts upon which the instant legal malpractice claim is predicated (*see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.