■ JOHN MOSHER, Appellant, v CYRIL BAINES et al., Respondents. [679 NYS2d 404] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Garson, J.), dated May 12, 1997, which granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

Contrary to the defendants' contentions, they may not avoid the plaintiff's claims of legal malpractice pursuant to the doctrine of res judicata. "Res judicata requires that when a cause of action has been adjudicated on the merits, the parties to the action are bound by the judgment and may not relitigate the same cause of action between themselves" (10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.24; see, Sherman v Ansell, 207 AD2d 537). Since the defendant lawyers were not parties to the underlying Federal civil rights litigation, they may not invoke the doctrine of res judicata as a defense to malpractice (see, 2 Mallen and Smith, Legal Malpractice § 20.12 [4th ed]; cf., Cornwall Warehousing v Town of New Windsor, 238 AD2d 370).

In addition, the defendants have not demonstrated that the plaintiff's legal malpractice claims are barred by collateral estoppel (see, Cannistra v McCullough, Goldberger & Staudt, 248 AD2d 577). The issues to be litigated in the instant malpractice action are not identical to those determined in the prior Federal civil rights action (see, Weiss v Manfredi, 83 NY2d 974; Petersen v Lysaght, Lysaght & Kramer, 250 AD2d 581; Talcove v Buckeye Pipe Line Co., 247 AD2d 464; Katash v Richard Kranis, P. C., 229 AD2d 305; Greene v Payne, Wood & Littlejohn, 213 AD2d 698; Rosenkrantz v Erdheim, 177 AD2d 389; Schulkin v Stern, 145 AD2d 326).

The defendants' remaining contentions are without merit. Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.