Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 24, 2008, which, to the extent appealed from as limited by the briefs, denied portions of defendant’s motion to dismiss the amended complaint, unanimously affirmed, without costs.
This legal malpractice action arises out of defendant’s purported negligence in failing to classify SF Holdings Group’s *282 (SFH) St. Thomas plant as working capital in the merger agreement between SFH and Solo Cup Company (Solo).
Collateral estoppel does not apply because the relevant issue in this action is whether SFH would have paid for St. Thomas “but for” Kramer Levin’s negligence, which was not decided in the arbitration or Delaware action (see Weiss v Manfredi, 83 NY2d 974 [1994]; Schulkin v Stern, 145 AD2d 326, 328 [1988]). Although the arbitrator determined that SFH was paid for the St. Thomas plant as part of the merger price, that determination considered the definition of working capital in the context of the allegedly negligently drafted agreement.
Given the procedural context, the motion court correctly rejected Kramer Levin’s argument that plaintiffs, as a matter of law, were aware that St. Thomas was not working capital based on the merger agreement itself. Kramer Levin did not conclusively establish, for the purposes of plaintiffs’ alleged awareness, that the merger agreement on its face discloses that the St. Thomas facility was not included under the definition of working capital (see Held v Kaufman, 91 NY2d 425, 431-432 [1998]). Further, to the extent that Mehiel, a sophisticated businessman, executed the merger agreement on behalf of plaintiffs with full knowledge of its terms, “[a]ny negligence on the part of [the client] in reviewing the agreement is merely a factor to be assessed in mitigation of damages” (Mandel, Resnik & Kaiser, P.C. v E.I. Elecs., Inc., 41 AD3d 386, 388 [2007]; see also Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 305 n 2 [2001]). Nor did Kramer Levin establish, as a matter of law, that Solo would not have agreed to the terms that Kramer Levin purportedly failed to draft.
We have considered Kramer Levin’s remaining arguments, including that plaintiffs damages were caused by an intervening event, and find that they do not warrant dismissal under CPLR 3211. Concur—Lippman, P.J., Sweeny, Catterson, Acosta and Renwick, JJ. [See 2008 NY Slip Op 31753(U).]