■ RICHARD FREEDMAN et al., Plaintiffs, v FRED ZEIGLER, Appellant. HOWARD B. WEBER, Nonparty Respondent. [904 NYS2d 415]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered May 26, 2009, inter alia, dismissing the complaint, and bringing up for review an order, same court and Justice, entered March 30, 2009, which, insofar as challenged, denied defendant's motion for sanctions against plaintiffs' attorney for frivolous conduct, unanimously affirmed, with costs.

Sanctions were properly denied as it was reasonable for plaintiffs to sue defendant, whose apartment was undergoing renovation and was initially believed by building personnel to be the source of the leak that damaged plaintiffs' apartment two floors below. Indeed, defendant's commencement of a third-party action against the contractor he had hired shows that defendant himself believed that his contractor may have been responsible. That defendant was ultimately found to be not liable for the acts of an independent contractor does not make the decision to sue defendant and not the contractor frivolous, particularly where the contractor's independence was only established during discovery (*see Sakow v Columbia Bagel, Inc.*, 32 AD3d 689 [2006]). Although plaintiffs' demand for damages may have been unreasonable, it was not without any basis in fact or law. We have considered defendant's other arguments and find them to be unavailing. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.