■ SAGI GENGER et al., Appellants, v THE ARIE GENGER 1995 LIFE INSURANCE TRUST, Respondent, et al., Respondent. [922 NYS2d 347]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered October 21, 2010, which, to the extent appealed from as limited by the briefs, denied the motion of petitioners Sagi Genger and Elana Genger for summary judgment seeking to expunge an allegedly improperly recorded instrument of acknowledgment of ownership of real property from the City Register and to dismiss respondent the Arie Genger 1995 Life Insurance Trust's counterclaims for damages from fraud and unjust enrichment, granted so much of the Trust's motion for summary judgment on its counterclaim seeking a declaration that it was sole beneficial owner of the real property at issue (properties) to the extent of declaring that the recorded instrument of acknowledgment is valid and enforceable, and notwithstanding that record ownership to the properties is in the names of petitioners, all beneficial right, title and interest to the properties belongs to the Trust, not petitioners, and denied the Trust's request for sanctions, unanimously affirmed, with costs.

Petitioners failed to rebut the "presumption of due execution" raised by the instrument of acknowledgment (*John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621 [2008]). The notary's testimony was inconclusive, and the only other proof offered tending to show that the notarization was faulty was the testimony of interested witnesses, namely, petitioners. The alteration of the notary stamp in 2007 does not negate petition-

ers' execution of the document in 2005. Because the proof was not so clear and convincing as to amount to "a moral certainty" (*Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *see also Matter of Goodman*, 2 AD2d 558 [1956]; *John Deere*, 57 AD3d at 622), the court properly awarded summary judgment to the Trust on its first counterclaim for a declaratory judgment.

Petitioners failed to make a prima facie showing that Elana has an "independent" legal right to the properties. The instrument of acknowledgment provides that the money used to purchase the properties belonged to the Trust and that the money was given with the understanding that the properties would be conveyed to the Trust. Elana's assertion that she does not remember signing the instrument of acknowledgment does not rebut the "heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]).

Petitioners' assertion that Sagi owns the properties because the money used to purchase the properties was a trust distribution to Sagi is belied by the documentary evidence, including an e-mail from Sagi to his accountant wherein Sagi admitted that the Trust owned the properties. Petitioners' assertion that this e-mail pertained to a different trust is unsupported by the record.

Triable issues of fact exist as to the status and number of the mortgages encumbering the properties. Accordingly, the court properly declined to dismiss the Trust's fraud and unjust enrichment counterclaims (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

Although the court did not address the Trust's request for sanctions, such a request may be deemed denied where, as here, it was not specifically granted (*see Kaplan v Einy*, 209 AD2d 248, 251 [1994]). Given that the Trust requested sanctions for the first time at oral argument and that the petition was not frivolous, the court providently exercised its discretion in denying the request (*see Freedman v Zeigler*, 75 AD3d 419 [2010]). Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.