Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 24, 2012, which denied defendants’ motion to dismiss the complaint as to the causes of action for breach of fiduciary duty, accounting and a permanent injunction, and granted the motion, with leave to plaintiff to replead the causes of action for violation of Business Corporation Law § 720 and dissolution pursuant to Business Corporation Law § 1104-a, unanimously modified, on the law, to dismiss the causes of action for breach of fiduciary duty, accounting, and injunction, to dismiss outright the cause of action for violation of Business Corporation Law § 720, and to vacate the grant of leave replead, and otherwise affirmed, without costs.
Because the underlying allegations of wrongdoing were inadequately pleaded, the fiduciary breach and injunction causes of action were not sustainable. Although plaintiff alleges, among other things, that defendant tried to prevent her from having any meaningful participation in the companies’ operation, her allegations are vague and conclusory, made without any specific instances of the alleged misconduct (see Burry v Madison Park Owner LLC, 84 AD3d 699, 699-700 [1st Dept 2011]; Peacock v *407 Herald Sq. Loft Corp., 67 AD3d 442, 443 [1st Dept 2009]). The lack of particularity with respect to plaintiff’s allegations of breach of fiduciary duty (CPLR 3016 [b]) is not excused by the individual defendant’s alleged refusal to provide information or by the lack of discovery, as information regarding the alleged denial of participation in corporate management was not solely in the individual defendant’s possession (cf. Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]; Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194 [1968]). Moreover, plaintiff failed to assert specific dates that she had requested information, or to specify the information she had requested (see Moran v Regency Sav. Bank, F.S.B., 20 AD3d 305 [1st Dept 2005]).
As to the 1993 and 1995 shareholder agreements and stock transfer restriction, those agreements had long been in place, reflected valid aspects of corporate governance (see Allen v Biltmore Tissue Corp., 2 NY2d 534 [1957]), and were binding on plaintiff as a successor to the original shareholders (see Stasyszyn v Sutton E. Assoc., 161 AD2d 269, 272 [1st Dept 1990]). Further, it is undisputed that the agreements were not enforced in a manner discriminating against plaintiff.
Similarly, the IAS court should have dismissed the cause of action under Business Corporation Law § 720, as plaintiff’s conclusory claims of wrongdoing are not sufficient to establish demand futility (Bildstein v Atwater, 222 AD2d 545, 546 [2d Dept 1995]). At any rate, even had plaintiff established demand futility, the IAS court should have dismissed the cause of action outright because plaintiff sought individual relief and a claim under Business Corporation Law § 720 may be sustained only as a derivative action (Romanoff v Superior Career Inst., 69 AD2d 856 [2d Dept 1979]).
The cause of action for an accounting also fails because, in that claim, plaintiff alleges harm to the corporation itself, rather than to her individually. Therefore, plaintiff should have brought the accounting cause of action as a derivative claim, not an individual one (see Romanoff, 69 AD2d at 856; see also Fisher v Big Squeeze [N.Y.], Inc., 349 F Supp 2d 483, 488 [ED NY 2004]).
Although the issues in the individual parties’ divorce action differed from the ones in this action, plaintiff had a full and fair opportunity in the divorce action to address her claims of improper loans and bonuses, and the trial court rejected those claims in that action (see Genger v Arie Genger 1995 Life Ins. Trust, 84 AD3d 471, 472 [1st Dept 2011] [relief not specifically granted is deemed denied]). Plaintiff improperly raises for the *408 first time on appeal her contention that, because common-law dissolution remains viable, her statutory dissolution claim should not have been dismissed on procedural grounds with leave to replead. Even apart from its procedural impropriety, plaintiffs argument ignores her failure to plead common-law dissolution.
In view of the foregoing, it is unnecessary to address the parties’ remaining contentions. Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.