■ ANN JENNINGS-PURNELL, M.D., Appellant, v RICHARD W. DONNER, Respondent. [52 NYS3d 98]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered August 12, 2016, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment in her favor as to liability, unanimously affirmed, without costs.

Plaintiff alleges that her son and his friend, Adams, an attorney, caused her to engage in a real estate transaction that resulted in her paying roughly half a million dollars more than she agreed to pay, and that defendant, who was Adams's associate, notarized four documents at the closing, including the mortgage. More than a year after the closing, plaintiff received

the closing documents and then alleged that her son's name had been fraudulently added to the deed and other closing documents without her knowledge or consent. She alleged that defendant committed notarial misconduct under Executive Law § 135.

In opposition to defendant's motion for summary judgment, plaintiff admitted that her signatures on the notarized documents were genuine, but claimed that they were not willingly and knowingly made. She also denied that her son had executed and initialed the mortgage. She asserted that defendant "knowingly enabled an unconscionable transaction" and "did more than turn a blind eye to what was evidently going on."

Defendant met his prima facie burden of showing that he did not commit any notarial misconduct in the performance of his powers, i.e, taking acknowledgments of plaintiff's and her son's signatures (Executive Law § 135; *see Bogensky v Rosenberg*, 202 Misc 652, 652 [Sup Ct, Suffolk County 1952]). Plaintiff's testimony that she remembered signing only two of the four documents is not sufficient to overcome the presumption of due execution (*see Genger v Arie Genger 1995 Life Ins. Trust*, 84 AD3d 471, 471-472 [1st Dept 2011]). Her unsupported testimony that her son did not sign or initial the mortgage at the closing is similarly insufficient (*Osborne v Zornberg*, 16 AD3d 643, 644 [2d Dept 2005]).

Although plaintiff claimed that the documents did not reflect the terms of her oral agreement, the acknowledgment "is the verification of the fact of execution but not of the contents of the instrument" (*Pittis v Abrams*, 129 NYS2d 216, 217 [App Term, 1st Dept 1954]; *see Matter of Bristol v Buck*, 201 AD 100 [3d Dept 1922], *affd* 234 NY 504 [1922]). New York law does not impose a duty upon a notary public to ascertain whether a signature is "willingly and knowingly" made. Nor did defendant have a duty, as a notary, to halt the closing (*see generally Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]).

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.