Moore v Kronick (2020 NY Slip Op 05742)





Moore v Kronick


2020 NY Slip Op 05742


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2018-01454
 (Index No. 68782/15)

[*1]Ava Chapman Moore, appellant, 
v
Arnold Kronick, et al., respondents., et al., defendants.


Richard Pu, New York, NY, for appellant.
Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (Edward G. Warren of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated December 19, 2017. The order granted the motion of the defendants Arnold Kronick and Arnold Kronick, L.P., for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them, which had been denied in an order of the same court dated July 5, 2017, and, upon renewal, in effect, vacated the determination in the order dated July 5, 2017, denying those defendants' prior motion, and thereupon granted those defendants' prior motion.
ORDERED that the order dated December 19, 2017, is affirmed, with costs.
The plaintiff and her brother, Eugene Moore (hereinafter Eugene), owned a two-family home as tenants in common. In 2009, Eugene commenced a partition action against the plaintiff. The defendant Arnold Kronick represented the plaintiff in the partition action. In 2012, the plaintiff entered into a stipulation of settlement with Eugene, whereby the property would be sold and they would divide the proceeds of the sale.
Thereafter, the plaintiff commenced this action to recover damages for legal malpractice, alleging that the defendants Arnold Kronick and Arnold Kronick, L.P. (hereinafter together the defendants), had negligently represented her in the partition action. Specifically, the plaintiff argued that the defendants were negligent in failing to assert the affirmative defense of constructive trust. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and their motion was denied.
In 2017, the plaintiff sought, among other things, to vacate the stipulation of settlement in the partition action, arguing that a constructive trust should be imposed upon the property. The Supreme Court denied the plaintiff's motion, finding that the plaintiff was not entitled to a constructive trust. Shortly after entry of that order, the defendants moved for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them, arguing that the court's determination in the partition action that the plaintiff was not entitled to a constructive trust had a collateral estoppel effect on the legal malpractice action. In the order [*2]appealed from, the Supreme Court granted the defendants' motion for leave to renew their prior motion for summary judgment and, upon renewal, granted the prior motion. We affirm.
To apply the doctrine of collateral estoppel, two requirements must be satisfied: "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (Buechel v Bain , 97 NY2d 295, 303-304). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lilly & Co. , 65 NY2d 449, 456). Here, the plaintiff failed to meet her burden of establishing that she did not have a full and fair opportunity to litigate the constructive trust issue in the partition action. Accordingly, we agree with the Supreme Court determination that the defendants' defense of the doctrine of collateral estoppel defeats the plaintiff's legal malpractice claim.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court