Cullen v Moschetta (2022 NY Slip Op 04713)

Cullen v Moschetta

2022 NY Slip Op 04713

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-03243
 (Index No. 605151/16)

[*1]Terry Cullen, et al., appellants,
v
Rose Marie Moschetta, etc., respondent.

Joseph C. Vozza, P.C., Melville, NY, for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Michael S. Amato and Briana Enck of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent conveyance, the plaintiffs appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), dated February 24, 2020. The order granted the defendant's motion pursuant to CPLR 3124 to compel certain discovery.
ORDERED that the order is affirmed, with costs.
The plaintiffs are judgment creditors of the defendant's husband, nonparty Ron Moschetta (hereinafter Moschetta). In 2014, the plaintiffs commenced an action against Moschetta and his business partner alleging, among other things, that in May and June of 2010, Moschetta made fraudulent misrepresentations to the plaintiffs to induce them to engage in certain business transactions (hereinafter the prior litigation). Moschetta failed to appear and a default judgment was entered against him.
Subsequently, the plaintiffs commenced the present action against the defendant. The amended complaint asserts, among other things, causes of action pursuant to Debtor and Creditor Law §§ 273, 274, 276, and 278. The plaintiffs allege that, in 2011, Moschetta sold his solely-owned residence and fraudulently conveyed the proceeds to the defendant to fund the purchase of a new residence, solely owned by the defendant, in an attempt to defraud Moschetta's creditors.
During discovery, the defendant sought, among other things, production of "[a]ll documents and communications" related to the fraudulent misrepresentations alleged in the prior litigation. The plaintiffs objected to the defendant's request on the grounds that the doctrines of collateral estoppel and res judicata barred the defendant from relitigating the allegations of fraud which formed the basis of the plaintiffs' claims in the prior litigation. The defendant moved pursuant to CPLR 3124 to compel production of the requested documents. By order dated February 24, 2020, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Bayer v City of New York, 115 AD3d 897, 898; see DeSouza v [*2]LSREF2 Apex 2, LLC, 171 AD3d 702, 702).
"The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of actions are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). "The two requirements for its application are: first, the identical issue necessarily must have been decided in the prior action and be decisive in the present action, and second, the party to be precluded must have had a full and fair opportunity to contest the prior determination" (Matter of Abady, 22 AD3d 71, 81). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456; see Moore v Kronick, 187 AD3d 892, 893-894).
Here, it is undisputed that the defendant was not named as a party in the prior litigation, and the plaintiffs have failed to demonstrate that the defendant was in privity with the defendants in the prior litigation (see Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946-947; cf. Green v Santa Fe Indus., 70 NY2d 244, 253). Moreover, the causes of action asserted by the plaintiffs in the present action did not arise out of the same transaction or series of transactions as those raised in the prior litigation (see RENP Corp. v Embassy Holding Co., 229 AD2d 381, 382). Similarly, the plaintiffs failed to demonstrate the identity of the issues between the present action and the prior litigation (see Dempster v Overview Equities, 4 AD3d 495, 498-499).
Accordingly, the doctrines of res judicata and collateral estoppel do not apply, and the Supreme Court properly granted the defendant's motion pursuant to CPLR 3124 to compel discovery.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court