Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc. (2023 NY Slip Op 01253)

Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc.

2023 NY Slip Op 01253

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, Moulton, JJ. 

Index No. 650912/22 Appeal No. 17517 Case No. 2022-03154 

[*1]Atlantic Specialty Insurance Company, Plaintiff-Respondent,
v
Landmark Unlimited, Inc., et al., Defendants-Appellants, Anthony Calvano, Defendant.

Silverman Acampora LLP, Jericho (Anthony C. Acampora of counsel) and Richard T. Andrias, New York, for Landmark Unlimited, Inc., Landmark Signs & Electrical Maintenace Corp., Landmark Enterprises of NY Inc., Lynn Calvano, Katherine Lettera and Heather Calvano, appellants.
The Glass Law Group, PLLC, Plainview (Maxwell J. Glass of counsel), for Joseph Calvano, appellant.
Chiesa Shahinian & Giantomasi PC, New York (Adam P. Friedman of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about July 11, 2022, which granted plaintiff's motion for a mandatory preliminary injunction in the amount of $8,466,064 to be deposited with plaintiff as collateral, unanimously affirmed, with costs.
In order to prevail on a motion for a preliminary injunction, the movant must establish "a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). As to the likelihood of plaintiff's success on the merits, there are notarized signatures on the indemnity agreement apparently from all defendants. It is well settled that notarization carries a presumption of due execution (Genger v Arie Genger 1995 Life Ins. Trust, 84 AD3d 471 [1st Dept 2011]; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621 [2008]). All defendants assert in their affidavits that the signatures were forged. Some defendants also submitted copies of their driver's licenses for signature comparison. However, without more, defendants do not overcome the presumption of due notarization, especially considering that checks for the bonds were issued and signed by defendants Lynn Calvano and Joseph Calvano as representatives of the business.
Additionally, we have held that a surety will sustain irreparable harm when its indemnitors default on their obligation to deposit collateral security (BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J., 214 AD2d 521, 523 [1st Dept 1995]). We noted in BIB Constr. Co. that "[t]he damage resulting from the failure to give security is not ascertainable, and the legal remedy is therefore inadequate." Moreover, although defendants assert that their signatures are forged, the indemnity contract specifically states that a failure to deposit collateral as requested by plaintiff "shall cause irreparable harm to [plaintiff] for which it has no adequate remedy at law, and [plaintiff] shall be entitled to injunctive relief for specific performance of such obligation."
As to the balance of the equities, proof in the record of defendants' substantial assets negate concerns regarding financial hardship or inability to provide collateral.
Moreover, defendants may ultimately recoup any collateral deposited over the amount of losses sustained.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023