Simmons v Jones Law Group, LLC (2023 NY Slip Op 01316)

Simmons v Jones Law Group, LLC

2023 NY Slip Op 01316

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2021-04834
 (Index No. 701480/21)

[*1]Juanita Simmons, respondent, 
v
Jones Law Group, LLC, et al., appellants.

Jones Law Group, LLC, St. Albans, NY (Andrew P. Jones pro se of counsel), appellant pro se and for appellant Andrew P. Jones.
Janet Nina Esagoff, Great Neck, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered June 29, 2021. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging legal malpractice and breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2014, the plaintiff, Juanita Simmons, retained the defendant Jones Law Group, LLC (hereinafter Jones Law), to defend her and her business in a personal injury action (hereinafter the underlying action). On February 18, 2015, Simmons purportedly discharged Jones Law during a telephone conversation with the defendant Andrew P. Jones. Although a letter dated March 23, 2015, memorializing this discharge was purportedly sent to Simmons for her signature, she never executed it. Jones Law thereafter filed three separate ex parte motions pursuant to CPLR 321 for leave to withdraw as counsel for Simmons and her business. Those motions were all denied.
On September 26, 2016, Simmons failed to appear for trial, either personally or by counsel, and an inquest was held. Subsequently, a judgment was entered against Simmons and her business in the principal sum of $357,460. Although Simmons and her business later moved, inter alia, to vacate the judgment entered upon their default, the Supreme Court denied that branch of the motion in an order dated October 18, 2018, upon determining that Simmons and her business lacked a reasonable excuse for the default.
On July 8, 2019, Simmons commenced the present action against Jones Law and Andrew P. Jones, inter alia, to recover damages for legal malpractice and breach of contract. The defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss those causes of action as barred by the doctrines of res judicata and collateral estoppel or, alternatively, to dismiss the legal malpractice cause of action as time-barred. In an order entered June 29, 2021, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
"'Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of [*2]transactions by a party or those in privity with a party'" (Hymowitz v Nguyen, 209 AD3d 997, 998, quoting 1155 Nobo Assoc., LLC v New York Hosp. Med. Ctr. of Queens, 181 AD3d 937, 938). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Matter of Hunter, 4 NY3d 260, 269).
The Supreme Court properly determined that the present action was not barred by the doctrine of res judicata. The causes of action asserted by Simmons in the present action do not arise out of the same transaction or series of transactions as those raised in the underlying action, sounding in premises liability (see Cullen v Moschetta, 207 AD3d 699, 700; Vigliotti v North Shore Univ. Hosp., 24 AD3d 752, 754). Moreover, Simmons's claims could not have been raised in the underlying action, since the defendants were not parties in that action and were not in privity to any of the parties (see Cullen v Moschetta, 207 AD3d at 700; Mosher v Baines, 254 AD2d 467).
The doctrine of collateral estoppel "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination" (Weiss v Manfredi, 83 NY2d 974, 976). For collateral estoppel to apply, "it is critical that the issues are identical" (People v Roselle, 84 NY2d 350, 357).
Contrary to the defendants' contention, the issue to be resolved in the present action is not identical to the issue decided in the October 18, 2018 order issued in the underlying action (see Weiss v Manfredi, 83 NY2d at 976; Mosher v Baines, 254 AD2d 467, 467). The issue decided in that order was whether Simmons and her business proffered a reasonable excuse for their default in appearing at trial. In contrast, at issue in the present action is whether the defendants were negligent in their representation of Simmons (see Weiss v Manfredi, 83 NY2d at 976). Since there is no identity of issue, Simmons is not collaterally estopped in this action.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Tulino v Hiller, P.C., 202 AD3d 1132, 1134-1135). "'An action to recover damages arising from legal malpractice must be commenced within three years, computed from the time the cause of action accrued to the time the claim is interposed'" (Joseph v Fensterman, 204 AD3d 766, 769, quoting Schrull v Weis, 166 AD3d 829, 831; see CPLR 214[6]). "Accrual is measured from the commission of the alleged malpractice, when all facts necessary to the cause of action have occurred and the aggrieved party can obtain relief in court" (Farage v Ehrenberg, 124 AD3d 159, 164; see McCoy v Feinman, 99 NY2d 295, 301).
Here, the defendants failed to satisfy their initial burden of demonstrating, prima facie, that the cause of action alleging legal malpractice was untimely. Since the alleged malpractice occurred on September 26, 2016, when the defendants failed to appear for trial on Simmons's behalf, this action, commenced less than three years later, was timely.
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging legal malpractice and breach of contract.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court