Weight v Day (2023 NY Slip Op 02350)

Weight v Day

2023 NY Slip Op 02350

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-12518
 (Index No. 1037/14)

[*1]Anne Crowley Weight, appellant,
v
Wayne Day, et al., respondents.

Anne Crowley Weight, Walden, NY, appellant pro se.
Goldberg Segalla LLP, White Plains, NY (Ronald S. Herzog of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for accounting malpractice and breach of fiduciary duty, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated September 26, 2019. The judgment, upon an order of the same court dated August 28, 2019, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
The plaintiff jointly owned and operated a business known as Weight Steel Construction, Inc. (hereinafter Weight Steel), with her former husband, nonparty Joseph Weight. In September 2009, while the plaintiff and her former husband were engaged in divorce proceedings, they hired the defendant Wayne Day, a certified public accountant and a partner at the defendant accounting firm, Day Seckler, LLP, to serve as trustee of Weight Steel until the divorce was final. In February 2014, the plaintiff commenced this action against the defendants, inter alia, to recover damages for accounting malpractice and breach of fiduciary duty. The plaintiff alleged, among other things, that Day failed to prevent her former husband from needlessly using Weight Steel's assets for his personal gain and failed to properly manage Weight Steel, which caused the demise of that corporation.
In May 2019, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that this action was barred by the doctrine of collateral estoppel. The defendants contended that, in the divorce action, the Supreme Court had rejected the plaintiff's claim that misconduct by her former husband, "with the assistance of others," caused the demise of Weight Steel and detrimentally impacted the value of her interest in that corporation. The defendants also argued, among other things, that the plaintiff's claims were based on wrongs to the corporation, which could only be asserted through a derivative action and not in the plaintiff's individual capacity. The Supreme Court granted the defendants' motion, and entered a judgment dismissing [*2]the complaint. The plaintiff appeals, and we affirm.
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same" (Gobindram v Ruskin Moscou Faltischek, P.C., 175 AD3d 586, 589; see Buechel v Bain, 97 NY2d 295, 303). To apply the doctrine, "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (Buechel v Bain, 97 NY2d at 303-304; see Moore v Kronick, 187 AD3d 892, 893). Here, the evidence submitted by the defendants in support of their motion, including excerpts from the transcript of the plaintiff's deposition testimony and a decision after trial in the divorce action, demonstrated, prima facie, that the issue of whether the plaintiff's former husband engaged in misconduct causing, inter alia, a diminution in the value of Weight Steel, was raised and necessarily decided against the plaintiff in the divorce action, and the plaintiff had a full and fair opportunity to litigate the issue in that action (see Karakash v Trakas, 163 AD3d 788, 789; Berardi v Berardi, 108 AD3d 406, 407). Therefore, the defendants demonstrated that the doctrine of collateral estoppel precluded the plaintiff from relitigating that issue in this action.
The defendants further demonstrated, prima facie, that the allegations in the complaint that Day, inter alia, mismanaged Weight Steel and engaged in corporate waste were based on alleged wrongs that were committed against the corporation, and were not properly asserted in the plaintiff's individual capacity (see Abrams v Donati, 66 NY2d 951, 953; Jacobs v Cartalemi, 156 AD3d 605, 608; Barbaro v Spinelli, 121 AD3d 727, 728; Mizrahi v Cohen, 104 AD3d 917, 919; Vasinkevich v Elm Drugs, 208 AD2d 522, 524).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court