Guzzetta v Messina (2026 NY Slip Op 00879)

Guzzetta v Messina

2026 NY Slip Op 00879

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-04659
 (Index No. 58954/20)

[*1]Donato Guzzetta, appellant, 
vJoseph C. Messina, respondent.

Bailly and McMillan, LLP, White Plains, NY (Richard DePonto of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Kempshall McAndrew of counsel), for respondent.

DECISION & ORDER
In an action to recover on promissory notes, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated March 21, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability and dismissing the defense alleging usury.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of the plaintiff's cross-motion for summary judgment on the issue of liability and dismissing the defense alleging usury.
The plaintiff seeks, in this action, to recover on 14 promissory notes executed by the defendant, in the plaintiff's favor, on which the defendant allegedly defaulted. After this action was commenced, the plaintiff commenced a separate action (hereinafter the Debtor and Creditor Law action) against the defendant and his wife pursuant to Debtor and Creditor Law § 276 to void a transfer of real property from the defendant to his wife, to enjoin further transfer of that property, and to appoint a receiver for the property. After the Supreme Court denied the plaintiff's motion in the Debtor and Creditor Law action to preliminarily enjoin the sale of the real property, and the property was sold to a third party, that action was discontinued with prejudice by stipulation of the parties.
Following discovery in the present action, the defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of res judicata, due to the discontinuance with prejudice of the Debtor and Creditor Law action. The plaintiff cross-moved for summary judgment on the issue of liability and dismissing the defense alleging usury. By order dated March 21, 2023, the Supreme Court, among other things, granted that branch of the defendant's motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
"Under the doctrine of res judicata, a disposition on the merits bars litigation between [*2]the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Cullen v Moschetta, 207 AD3d 699, 700 [internal quotation marks omitted]; see Vehifax Corp. v Georgilis, 205 AD3d 973, 976). "The primary purposes of res judicata are grounded in public policy concerns and are intended to ensure finality, prevent vexatious litigation and promote judicial economy" (Xiao Yang Chen v Fischer, 6 NY3d 94, 100). "However, unfairness may result if the doctrine is applied too harshly; thus [i]n properly seeking to deny a litigant two days in court, courts must be careful not to deprive [the litigant] of one" (id. [internal quotation marks omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 112).
Here, the causes of action asserted in the present action to recover on promissory notes and those asserted in the subsequently-commenced Debtor and Creditor Law action, which solely concerned a parcel of real property not at issue in the present action and required proof of a different set of facts, do not arise out of the same transaction or series of transactions for purposes of applying the bar of res judicata (see Cullen v Moschetta, 207 AD3d at 700; Kudla v Kudla, 173 AD3d 1149, 1151; Specialized Realty Servs., LLC v Maikisch, 123 AD3d 801, 802-803). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
In light of our determination, the plaintiff's cross-motion for summary judgment on the issue of liability and dismissing the defense alleging usury is no longer academic. Under the circumstances, we remit the matter to the Supreme Court, Westchester County, for a determination on the merits of the plaintiff's cross-motion.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court